**Min LIN, Shi Rong Li, Petitioners,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Gonzales,\* Respondent.**

**Docket Nos. 02–4782, 02–4783.**

United States Court of Appeals, Second Circuit.

Sept. 7, 2005.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), we have substituted Attorney General Alberto Gonzales for former Attorney General John Ashcroft as the respondent in this case.

Bruno Joseph Bembi, Hempstead, NY., for Petitioners.

William C. Pericak, Assistant United States Attorney for the Northern District of New York (Glenn T. Suddaby, United States Attorney, Robert P. Storch, Senior Litigation Counsel,), Albany, NY., for Respondent, of counsel.

Present: MESKILL, SACK, and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition be, and it hereby is, DENIED.

Petitioners Min Lin and Shi Rong Li, wife and husband, both of whom are citizens of China, petition for review of two Board of Immigration Appeals ("BIA") decisions dated November 7, 2002, affirming the decision of an Immigration Judge ("IJ") dated November 3, 2002, denying the petitioners' applications for asylum and withholding of removal.

We review the IJ's factual findings for substantial evidence. "Under this standard, a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)). To reverse under this standard, we must conclude that "a reasonable fact-finder would be *compelled* to credit [the petitioner's] testimony." *Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003) (per curiam) (emphasis added). Thus, our review is "exceedingly narrow." *Id.* (internal quotation marks and citation omitted).

The IJ's decision is supported by reasonable, substantial, and probative evidence. The IJ pointed to a number of problems with the petitioners' applications and hearing testimony. For example, Lin and Li testified that Lin was forced to undergo two abortions and that Li was not sterilized. However, Lin's June 15, 1993, asylum application, upon which she continued to rely at the asylum hearing, did not mention that she had any abortions. It also affirmatively stated that Li was sterilized. Moreover, Lin testified that Li had been directly involved in the preparation of her asylum application, while Li claimed he had never seen it before. These discrepancies—some of which go to the heart of the petitioners' asylum claims—provide ample evidence to support the IJ's adverse credibility determination. Thus, in light of the various inconsistencies identified by the IJ, we conclude that substantial evidence supports the IJ's denial of Lin and Li's applications for asylum and withholding of removal.

Finally, Lin and Li failed to exhaust their administrative remedies for their claims that one or both petitioners will be forcibly sterilized or otherwise punished in violation of the Convention Against Torture ("CAT") if they are returned to China. Lin and Li did not raise these issues before the IJ or on appeal to the BIA. Thus, we do not have jurisdiction to consider their CAT claims. *See Theodoropoulos v. INS,* 358 F.3d 162, 171 (2d Cir.2004).

For the foregoing reasons, the petition for review of the order of the Board of Immigration Appeals is hereby DENIED.